**IN THE SUPREME COURT OF THE STATE OF IDAHO**
Docket No. 37483

MICHAEL ALAN WOODS,            )
                                           )    **Boise, September 2010 Term**

      **Plaintiff-Respondent,**        )

                                             )     **2010 Opinion No. 122**

v.                                           )

                                           )    **Filed: November 26, 2010**

SUSAN ANNE SANDERS,           )

                                           )    **Stephen W. Kenyon, Clerk**

      **Defendant-Appellant.**        )
_____ )

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Gooding County. Hon. Casey Robinson, Magistrate Judge.

The decision of the magistrate court as to physical and legal custody is <u>affirmed.</u> The decision of the magistrate court as to the award of attorneys fees is <u>affirmed.</u> Respondent is awarded attorneys fees and costs on appeal.

Susan Anne Sanders Pollack, Broomfield, Colorado, appellant, *pro se.*

Capitol Law Group, PLLC, Gooding, for respondent. David Heida argued.
_____

W. JONES, Justice

## I.     NATURE OF THE CASE

This case involves a custody dispute over a minor child. Pro se Appellant Susan Sanders appeals directly to the Supreme Court from a custody-modification order entered by the magistrate court in which Michael Woods was awarded full custody of their son C.W. She also appeals the award of attorney fees to Woods.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

C.W. was born to Susan Sanders and Michael Woods in September 2005 in Davenport, Iowa. C.W. has resided in Gooding County, Idaho, since October 15, 2005. He lived with Sanders upon initial relocation to Idaho, and during that time Sanders prohibited Woods from visitation with the child. On April 27, 2006, the Gooding County Magistrate Court entered a custody order to allow Woods visitation with C.W., and subsequently awarded Sanders and Woods joint physical and legal custody of C.W. on September 19, 2006. Following the joint

1

custody order, Woods and Sanders lived together at various times, but eventually moved to separate residences. C.W. has been living with Woods full time since about March of 2008.[1] On June 4, 2008, Magistrate Judge Casey Robinson voluntarily disqualified himself from a separate case regarding an investigation of Woods by Children and Family Services. That investigation of Woods' home in July 2008 found that C.W. was in good health and well-adjusted, and found no evidence of neglect on Woods' part.

Woods filed a Motion to Modify Child Custody and a supporting affidavit on February 4, 2009, seeking sole physical and legal custody of C.W. He argued that circumstances had permanently and materially changed since the joint custody order was entered in 2006. Woods was granted temporary custody of C.W. pending the final decision of the court. Sanders filed her answer to the Motion to Modify Child Custody along with an affidavit on February 24, 2009. She alleged that C.W. wished to live with her and that C.W. often came back from visitations with Woods "not potty trained" and wearing improper clothes for the weather. An order setting the pre-trial conference date for February 3, 2010 and setting the trial date for March 3, 2010 was sent to both parties on December 10, 2009, but Sanders failed to appear at either the pre-trial conference or the trial itself. Sanders filed a pre-trial memorandum, but it was stricken by the magistrate court for failure to comply with procedural rules.[2]

At trial, Woods testified on his own behalf, confirming the statements in his affidavit that C.W. had lived in Gooding County virtually his entire life and that at the time of the trial he had resided with Woods for over a year. During the trial, Sanders was living in Colorado with her current husband, Jeff Pollack. Woods also testified that during the year before the trial, Sanders had missed fifty-seven of her scheduled eighty-two visitations with C.W. Sanders did not appear at trial and therefore presented no conflicting evidence other than what was previously alleged in her affidavit filed with the Answer. Following the trial, the magistrate found that the presumption of joint custody had been overcome by the evidence presented in Woods' testimony

---

[1] It appears from the briefs and the record that C.W. began to live with Woods full time in response to a Protective Order issued in March 2008 against Sanders by the Gooding County magistrate court in Case No. CV-2008-165. However, the Protective Order is not contained within the record.

[2] The Order granting the Motion to Strike stated that it was granted based on I.R.C.P. 12(f) and 11(a)(1). Rule 11(a)(1) requires that "[a] party who is not represented by an attorney shall sign the pleading, motion or other paper" and that "[i]f a pleading, motion or other paper is not signed, it shall be stricken." The minutes of the hearing for the Motion to Strike state that the "[c]ourt indicates that Mr. Pollack [Sanders' husband] has signed pleadings and has not shown standing in this matter." Thus, Sanders' pre-trial memorandum was stricken because it was signed by Sanders' husband, who is not a party, rather than Sanders herself.

and in the record, and that awarding sole physical and legal custody of C.W. to Woods was in the best interest of C.W. The magistrate also found that Woods was entitled to an award of attorney fees and costs under I.C. § 12-121 because Sanders had acted unreasonably in defending the motion. Sanders filed a Motion for Expedited Appeal from the Modification Order, which was granted by this Court, followed by a timely Notice of Appeal.

### III. ISSUES ON APPEAL

1. Whether Sanders waived all issues on appeal by failing to properly preserve them below and failing to provide proper support for them in her brief.

2. Whether the magistrate court abused its discretion by granting the modification of child custody, awarding sole physical and legal custody to Woods.

3. Whether the magistrate court abused its discretion by awarding attorney fees to Woods.

4. Whether Woods is entitled to attorney fees on appeal.

### IV. STANDARD OF REVIEW

Child-custody determinations are committed to the sound discretion of the magistrate. *Danti v. Danti*, 146 Idaho 929, 934, 204 P.3d 1140, 1145 (2009). The party seeking modification has the burden of justifying a change in custody. *Brownson v. Allen*, 134 Idaho 60, 63, 995 P.2d 830, 833 (2000). In determining whether to grant the modification, "the paramount concern is the best interest of the child." *Id.* (citations omitted). The determination of the magistrate will not be disturbed unless the magistrate court has abused its discretion. *Id.* The magistrate court abuses its discretion only if it makes a custody award based on evidence that is insufficient to conclude that the award is in the child's best interest. *Nelson v. Nelson*, 144 Idaho 710, 713, 170 P.3d 375, 378 (2007).

A custody award will not be deemed an abuse of discretion so long as the magistrate court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the choices before it; and (3) reached its decision by an exercise of reason." *Hopper v. Hopper*, 144 Idaho 624, 626, 167 P.3d 761, 763 (2007) (citations omitted). Thus, the magistrate's findings will be upheld if they are supported by substantial and competent evidence and are not clearly erroneous. *Reed v. Reed,* 137 Idaho 53, 56, 44 P.3d 1108, 1111 (2002). So long as there was substantial evidence to support the magistrate's factual determinations, this Court will uphold those determinations even if there was conflicting evidence. *Nelson*, 144 Idaho at 713, 170 P.3d at 378.

### V. ANALYSIS

Pro se litigants are not accorded any special consideration simply because they choose to represent themselves, and "are not excused from adhering to procedural rules." *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997). Rather, "pro se litigants are held to the same standards and rules as those represented by an attorney." *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003). Therefore, Sanders is not excused from adhering to the rules regarding proper preservation of issues for appeal and proper presentation of arguments in the brief, and this Court analyzes the issues by the same standards applied to an attorney.

**A.     This Court Declines to Review All Issues Because Sanders Failed to Properly Support Them in Her Brief and Failed to Properly Preserve Them Below.**

This Court has long held that "[s]ubstantive issues will not be considered the first time on appeal." *Crowley v. Critchfield*, 145 Idaho 509, 512, 181 P.3d 435, 438 (2007). Therefore, "[a] litigant may not remain silent as to claimed error during a trial and later urge his objections thereto for the first time on appeal." *Hoppe v. McDonald*, 103 Idaho 33, 35, 644 P.2d 355, 357 (1982). "A party's failure to object to action by the trial court precludes a party from challenging that action on appeal." *Mackowiak v. Harris*, 146 Idaho 864, 866, 204 P.3d 504, 506 (2009). As a result, this Court will not consider any issue on appeal that Sanders did not raise below. Because Sanders failed to appear at the trial to present any objections, she is precluded from raising any issues on appeal. *See Michalk v. Michalk*, 148 Idaho 224, __, 220 P.3d 580, 586 (2009) (holding that "very few, if any" of the appellant's arguments could be considered on appeal because the appellant, though present at trial, remained silent throughout the proceedings). Further, under I.A.R. 35(a)(6), the argument section of the brief must contain "citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). Because Sanders' brief fails to comply with these standards, the Court declines to review her arguments.

*1.     The Court Declines to Review Sanders' Argument That Woods Is a "habitual domestic violence abuser."*

Sanders argues that Woods is a "habitual domestic violence abuser" and therefore the presumption that joint custody is in the child's best interest, under I.C. § 32-717B(4),[3] was

---

[3] I.C. § 32-717B(4) states that "absent a preponderance of the evidence to the contrary, there shall be a presumption that joint custody is in the best interests of a minor child or children."

overcome by I.C. § 32-717B(5),[4] and she should have been awarded full custody of C.W. Under I.A.R. 35(a)(6), an issue raised on appeal that is not supported in the brief by propositions of law or authority is deemed waived and will not be considered by this Court. *Wheeler v. Idaho Dep't of Health & Welfare*, 147 Idaho 257, 266, 207 P.3d 988, 997 (2009). Sanders has not sufficiently supported her argument, and therefore it is waived and this Court declines to review it.

The only facts Sanders cites to support her contention that Woods engaged in domestic violence are those alleged by Sanders within the brief itself, those contained in documents appended to the brief, and those alleged in Sanders' affidavit attached to her answer. Conclusory allegations and assertions of fact contained in the brief without citation to the record below are not sufficient to support an argument on appeal. *Id.* Therefore, Sanders' argument that "Appellant's brief clearly shows that the Respondent is a 'habitual [sic] Domestic Violence Perpetrator," does not meet the standard of I.A.R. 35(a)(6). Similarly, documents merely appended to the brief that are not otherwise contained in the record may not be relied upon to support an argument on appeal. *Nelson*, 144 Idaho at 714, 170 P.3d at 379. Therefore, neither Sanders' "Exhibit A" attached to her brief, containing letters written from her neighbor and counselor, nor the facts Sanders asserts within the text of the brief without any citation to the record, can be considered in support of her allegations of domestic violence.

Sanders' references to her affidavit also do not properly comply with I.A.R. 35(a)(6). Sanders argues that her "pre-trial brief and Affadavit [sic] to the custody modification hearing decision . . . is FULL OF EVIDENCE proving all of my legal points" (emphasis in original). Sanders' pre-trial brief was stricken for failure to comply with procedural rules. Further, Sanders fails to support her allegations of domestic abuse with actual citations to evidence contained in the record, instead relying on general references to her affidavit and stricken pre-trial brief. Because no evidence in the record is presented or cited by Sanders to support her allegations of domestic abuse, I.A.R. 35(a)(6) is not satisfied as to that issue.

Additionally, because Sanders did not appear at trial or present any evidence at trial, she cannot urge her objections here for the first time. *See Michalk*, 148 Idaho at __, 220 P.3d at 586. The only evidence Sanders could potentially point to in support of her argument that Woods was

---

[4] I.C. § 32-717B(5) provides: "There shall be a presumption that joint custody is not in the best interests of a minor child if one (1) of the parents is found by the court to be a habitual perpetrator of domestic violence as defined in section 39-6303, Idaho Code."

a "habitual domestic violence abuser" is contained in her affidavit. However, "[a]ppellate court review is limited to the evidence, theories, and arguments that were presented below." *Obenchain v. McAlvain Constr., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006). Sanders failed to object or even appear at trial and fails to cite any specific portions of the affidavit in her brief to support her allegations, instead relying on facts she presents for the first time in the brief itself. Thus, because Sanders "failed entirely to support her argument with citations to any evidence in the record or relevant legal authority," the Court declines to review her argument. *Michalk*, 148 Idaho at __, 220 P.3d at 586.

Because the information in the brief, the information in the documents appended to the brief, and the mere mention of the affidavit without citation to specific facts in it, are all insufficient to support Sanders' argument on appeal, this Court declines to review the argument.

2. *The Court Declines to Review Sanders' Argument That She Did Not Have Proper Notice.*

Sanders argues that she was not given notice of any action Woods took in February and March of 2009, including the Ex Parte Motion for Temporary Custody filed February 4, 2009. Sanders states that she did not have knowledge of the motion and therefore did not receive notice. However, Sanders failed to raise this argument in any pleadings regarding the modification order that is at issue in this case, and failed to present any arguments on the matter at trial. "A party's failure to object to action by the trial court precludes a party from challenging that action on appeal." *Mackowiak*, 146 Idaho at 866, 204 P.3d at 506. Therefore, Sanders waived this issue on appeal.

In addition, service was proper even if the issue had been properly preserved for appeal. Idaho Rule of Civil Procedure 4(b) deems service by mail effective upon mailing to the last known address of the party. I.R.C.P. 4(b). The affidavit of service filed February 23, 2009, clearly states that service was personally effected at Sanders' last known address of 5146 Tabor Street, Wheat Ridge, Colorado, the same address found on her own Answer filed the day after the affidavit of service was filed. Thus, even if the issue of notice was properly preserved for appeal, service was proper.

3. *The Court Declines to Review Sanders' Argument That Judge Robinson Was Disqualified and Thus Without Authority to Decide the Modification Order at Issue.*

6

Sanders argues that because Judge Casey Robinson of Gooding County voluntarily disqualified himself from Case No. CV-2008-165, regarding the investigation of Woods by Child and Family Services, he did not have the authority to issue the modification order at issue.[5] "A party's failure to object to action by the trial court precludes a party from challenging that action on appeal." *Mackowiak*, 146 Idaho at 866, 204 P.3d at 506. Sanders did make it known in her affidavit that she did not want Judge Robinson presiding over her child custody modification trial. However, because Sanders failed to file any actual motion for disqualification of Judge Robinson in the case at issue,[6] Case No. CV-2006-290, and because she failed to appear at the pre-trial conference or trial itself to object, she waived this issue on appeal.

> 4. *The Court Declines to Review Sanders' Argument That I.R.C.P. 40(c) Was Not Complied with.*

Sanders argues that the case should have been dismissed for inactivity under Idaho Rule of Civil Procedure 40(c) because Woods did not file his response in time. "A party's failure to object to action by the trial court precludes a party from challenging that action on appeal." *Mackowiak*, 146 Idaho at 866, 204 P.3d at 506. The Notice of Proposed Dismissal was filed November 6, 2009, and Woods' Note of Issue and Request for Trial Setting along with a supporting affidavit were filed November 25, 2009. Sanders never objected to the Note of Issue or the Request for Trial Setting, instead raising the issue for the first time in her brief. Thus, because the Notice of Dismissal was responded to within the time given to Woods, and no objection was ever made below by Sanders, she waived this issue on appeal.

> 5. *The Court Declines to Review the Remainder of Sanders' Arguments.*

Similarly, Sanders' arguments that (1) it is unconstitutional to award sole custody to Woods; (2) investigating only Woods' home was an equal-protection violation; (3) the court should have appointed a guardian ad litem; (3) Sanders' current husband (Pollack) was falsely arrested and falsely imprisoned; (4) Sanders was forced to confess at trial; and (5) Sanders' Fourth Amendment rights were violated by being forced to face her husband at trial; contain no

---

[5] Under I.R.C.P. 40(d)(4), a judge may voluntarily disqualify himself from presiding over a hearing for any reason at all. I.R.C.P. 40(d)(4) states: "This rule shall not prevent any presiding judge in an action from making a voluntary disqualification without stating any reason therefore."

[6] Sanders claims that she filed a Motion for Disqualification for Cause in 2008, but the record is bereft of any such motion.

citations to the record or to relevant legal authority, were not raised at trial, and are not the subject of this appeal of the modification order.[7]

While Sanders argues several times in her briefs that her son has been unconstitutionally taken from her, she fails to cite legal authority stating that an award of full custody to another parent involves a constitutional deprivation. An award of full custody to another parent is not a termination of parental rights and does not implicate the constitutional concerns that go along with it. *Cf. Santosky v. Kramer*, 455 U.S. 745, 768, 102 S. Ct. 1388, 1402 (1982) (setting a "clear and convincing evidence" standard for a termination of parental rights). This Court acknowledges that there may be an argument that the custody award in this case acted as a *de facto* termination of parental rights by failing to make a provision for visitation to Sanders. *See, e.g.*, *In re SRB-M*, 201 P.3d 1115, 1120 (Wyo. 2009) (stating that a de facto termination of parental rights exists when court action creates a "final and complete severance of the child from the parent and removes the entire bundle of parental rights"). However, Sanders did not raise this argument in her briefs and did not provide any support for it. Therefore she has waived it on appeal and this Court declines to review it. *Wheeler*, 147 Idaho at 266, 207 P.3d at 997.

Sanders' other arguments similarly lack support in the record or in legal authority. "This Court will not consider issues cited on appeal that are not supported by propositions of law, authority or argument." *Bingham v. Montane Res. Assocs.*, 133 Idaho 420, 427, 987 P.2d 1035, 1042 (1999). Therefore, this Court declines to review these arguments.

Therefore, because Sanders has not adequately supported her assertions on appeal with citations to facts in the record or relevant legal authority, and because she never objected below, this Court will not review these issues. Thus, the decision of the magistrate is affirmed on these grounds.

In addition, the magistrate did not abuse its discretion. As stated above, a magistrate does not abuse its discretion in awarding custody to one parent so long as it "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the choices before it; and (3) reached its

---

[7] These are the arguments found in the "Issues Presented for Appeal to the Idaho Supreme Court" section of Sanders' brief. "[T]he failure of the appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate the consideration of that issue in the appeal." *State v. Prestwich*, 116 Idaho 959, 961, 783 P.2d 298, 300 (1989), *overruled on other grounds by State v. Guzman*, 122 Idaho 981, 842 P.2d 660 (1992). Therefore, other issues Sanders presents throughout her briefs without legal support will not be considered by this Court.

8

decision by an exercise of reason." *Hopper*, 144 Idaho at 626, 167 P.3d at 763. This Court will affirm the decision of a magistrate so long as there was substantial competent evidence to support the decision, even if conflicting evidence was presented. *Nelson*, 144 Idaho at 713, 170 P.3d at 378. Here, there was no evidence at all to support Sanders' allegations. Further, the court had substantial competent evidence to award full custody of C.W. to Woods based on Woods' trial testimony. Thus, the magistrate did not abuse its discretion and we affirm its decision.

**B.    The Magistrate Did Not Abuse Its Discretion in Awarding Attorney Fees to Woods.**

Sanders argues that the magistrate's award of attorney fees to Woods under I.C. § 12-121 was improper. A decision by a magistrate to award attorney fees is reversed only if the award was an abuse of discretion. *Thomas v. Madsen*, 142 Idaho 635, 639, 132 P.3d 392, 396 (2006). The award is within the court's discretion under § 12-121 if the court was "left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *McGrew v. McGrew*, 139 Idaho 551, 562, 82 P.3d 833, 844 (2003).

The magistrate found that the "factors have been met as set forth in Idaho Code § 12-121 for an award to Plaintiff of his reasonable attorneys fees in this matter."[8] At trial, the magistrate stated: "Based on the answer provided by Ms. Sanders and the documents she has filed, I am going to grant your motion based on 12-121." Because Sanders did not provide any admissible evidence to support her defense against the modification for child custody other than the unsupported allegations presented in her affidavit, and because she failed to attend the trial or any other hearing, the magistrate had sufficient evidence to conclude that Sanders acted unreasonably in defending the modification motion. Therefore, the magistrate did not abuse its discretion and this Court affirms the award of attorney fees.

**C.    Woods Is Awarded Attorney Fees on Appeal Under I.C. § 12-121, but No Sanctions Are Imposed Under I.A.R. 11.2.**

Woods requests attorney fees on appeal under I.C. § 12-121. "Attorney fees can be awarded on appeal under [§ 12-121] only if the appeal was brought or defended frivolously, unreasonably, or without foundation." *Downey v. Vavold*, 144 Idaho 592, 596, 166 P.3d 382, 386 (2007). An appeal may be deemed frivolous, and attorney fees awarded, for failure to

---

[8] I.C. § 12-121 provides: "In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees."

properly comply with I.A.R. 35(a)(6). *Sprinkler Irrigation Co. v. John Deere Ins. Co.*, 139 Idaho 691, 697, 85 P.3d 667, 673 (2004). On the other hand, "attorney fees will not be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented." *Chisholm v. Twin Falls Cnty.*, 139 Idaho 131, 136, 75 P.3d 185, 190 (2003). This Court has held that when a party "fail[s] to present a genuine allegation of factual or legal error on the part of the magistrate judge," an award of attorney fees under § 12-121 is appropriate. *Nelson*, 144 Idaho at 718, 170 P.3d at 383. Sanders' arguments and allegations do not contain sufficient citations to the record, nor do they contain citations to specific relevant legal authority as required by I.A.R. 35(a)(6). At best, Sanders asks this Court to reweigh the decision of the magistrate which was supported by substantial competent evidence. This Court therefore awards attorney fees on appeal to Woods pursuant to I.C. § 12-121.

Woods also requests sanctions under I.A.R. 11.2. While Sanders has certainly failed to comply with a myriad of procedural rules, she has not "acted with an improper purpose under I.A.R. 11.2 by harassing Respondent[]," but rather is motivated by a desire to regain custody of her son. *Lattin v. Adams Cnty.*, 149 Idaho 497, __, 236 P.3d 1257, 1264 (2010). Therefore, sanctions are not awarded under I.A.R. 11.2.

## VI. CONCLUSION

The decision of the magistrate to award Woods sole physical and legal custody is affirmed because Sanders failed to properly preserve her arguments and failed to properly support her arguments in her brief. The magistrate's award of attorney fees is affirmed because Sanders acted unreasonably in defending the motion. Woods is awarded attorney fees and costs on appeal, but no sanctions are placed on Sanders.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON **CONCUR**

10