**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39469**

| | | |
|---|---|---|
| DAVID M. ESTES, | ) | 2012 Unpublished Opinion No. 678 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: October 17, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LEWISTON INDEPENDENT SCHOOL | ) | THIS IS AN UNPUBLISHED |
| DISTRICT NO. 1,  JOY RAPP, SHERI | ) | OPINION AND SHALL NOT |
| ALLEN, BRAD RICE, DAN RUDOLPH, | ) | BE CITED AS AUTHORITY |
| BRENDA FORGE, and BILL DAVID, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County.  Hon. Carl B. Kerrick, District Judge.

Summary judgment for defendants, <u>affirmed</u>.

David M. Estes, Lewiston, pro se appellant.

Clements, Brown & McNichols, P.A.; Bentley G. Stromberg, Lewiston, for respondents.

_____

LANSING, Judge

David M. Estes appeals from the district court's order dismissing his lawsuit on summary judgment.  We affirm.

**I.**

**BACKGROUND**

According to Estes's complaint, in May 2011, Dale D. Yocum was elected to a trustee position on Lewiston Independent School District No. 1's governing board of trustees ("school board").  Estes was Yocum's campaign manager.  When Estes inquired as to when Yocum would assume office, the superintendent of the school district told him that Yocum would be sworn in on July 14, 2011.  On June 17, 2011, Estes filed a "Verified Complaint Declaratory Judgment Action and Writ of Mandate" against the school district and other related defendants.

1

Therein, he asserted that Idaho Code § 33-501 provided that a school board trustee is to assume office on July 1 following election and that the school district's charter, rules, and regulations required that Yocum assume office even earlier. Estes requested a declaratory judgment resolving this asserted conflict in the law and a writ of mandate requiring the defendants to "observe the laws of the State of Idaho."

In August 2011, the defendants filed a motion for summary judgment contending that Estes lacked standing to bring the lawsuit and that, because Yocum had been sworn into office on June 27, 2011, the case was moot. The district court granted the defendants' motion. In its memorandum decision, the district court held that Estes lacked standing to bring the lawsuit, and in the alternative, that the requests for declaratory judgment and a writ of mandate were moot because Yocum had by then been seated on the school board, and, in the further alternative, that the request for declaratory judgment was not ripe for review. Estes appeals.

## II.

## ANALYSIS

In his brief on appeal, Estes substantively challenges only the district court's determination that he lacked standing. It is unnecessary for this Court to address Estes's standing argument, however, because Estes does not challenge the district court's two alternative bases for its summary judgment decision. Estes expressly declines to present direct argument or authority addressing the district court's alternate ruling that his requests for a declaratory judgment and a writ of mandate were rendered moot when Yocum was seated on the school board. Estes does not address the mootness issue, according to his brief, because his complaint did not seek relief in the form of an order for Yocum to be sworn in as a school board member. Estes's appellate brief asserts that his complaint did not "request to have Mr. Yocum seated," "there is no legal theory to defend," "the issue doesn't exist," and "the issue was about a declaratory relief" and "not about anything else."[1] By these statements Estes is perhaps

---

[1] Estes's revisionist characterization of his own complaint as one seeking only a declaratory judgment and not an order requiring that Yocum be seated on the school board does not withstand scrutiny. In addition to requesting a declaratory judgment, his complaint expressly requests that the court issue a writ of mandate directing the school district to "promptly comply with the laws of the state of Idaho," which can only be interpreted as meaning a writ compelling the school district to seat Yocum on the school board.

obliquely asserting that a declaratory judgment action can never be moot, although he neither states that assertion plainly, makes any reasoned argument in that regard, nor cites any authority for such a proposition.[2] A claim of error on appeal that is not supported by either argument or authority is waived. *Woods v. Sanders*, 150 Idaho 53, 60, 244 P.3d 197, 204 (2010); *Bach v. Bagley*, 148 Idaho 784, 791, 229 P.3d 1146, 1153 (2010); *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

Thus, Estes has not in any cognizable manner challenged on appeal the district court's determination that his causes of action are moot. He also does not address the district court's further alternate ruling that the request for a declaratory judgment was not ripe for review. That Estes is appearing pro se does not relieve him from the burden of presenting argument and authority to support his claims of error, for pro se litigants in civil actions are held to the same standards as attorneys. *Woods*, 150 Idaho at 57, 244 P.3d at 201; *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005).

Where a lower court makes a ruling based on alternative grounds and any one of those grounds is not challenged on appeal, the appellate court must affirm on the uncontested basis. *State v. Grazian*, 144 Idaho 510, 517-18, 164 P.3d 790, 797-98 (2007) *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). As we said in *Pitzer v. Swenson*, 128 Idaho 423, 425, 913 P.2d 1193, 1195 (Ct. App. 1996), "Because the [defendants] have failed to challenge the district court's conclusion that their representation resulted in an implied warranty, that conclusion of law must be upheld on appeal. In essence, the [defendants] cannot prevail under any circumstance, for if they obtain a reversal on the issues appealed, the judgment based on the breach of an implied warranty would remain in effect." *See also Andersen v. Prof'l Escrow Services, Inc.*, 141 Idaho 743, 746, 118 P.3d 75, 78 (2005) ("The Andersens cannot prevail under any circumstances, for if they obtain a reversal

---

[2]    If the issue were properly presented, it would be apparent that Estes's implicit assertion is wrong. "An action for declaratory judgment is moot where the judgment, if granted, would have no effect either directly or collaterally on the plaintiff, the plaintiff would be unable to obtain further relief based on the judgment and no relief is sought in the action." *Wylie v. State, Idaho Transp. Bd.*, 151 Idaho 26, 31, 253 P.3d 700, 705 (2011) (quoting *Idaho Schools for Equal Educ. Opportunity v. Idaho State Bd. of Educ.*, 128 Idaho 276, 282, 912 P.2d 644, 650 (1996)). Whether an issue is moot is to be determined at the time of the trial or hearing, not at the time that the action was commenced. *Id.*

on the issue appealed--standing--the judgment based on the alternative grounds would be affirmed because those issues were not properly appealed.").

Because Estes does not present argument or authority challenging the district court's holdings that his claims are moot, and because he does not mention, much less challenge, the district court's further alternate ruling that his claims were not ripe for review, this Court must affirm the grant of summary judgment on these uncontested bases.

## III.
## CONCLUSION

The summary judgment dismissing this action is affirmed. Costs to respondents.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**