# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42373

| | | |
|---|---|---|
| GEORGE PANAGIOTOU, | ) | 2015 Unpublished Opinion No. 551 |
| | ) | |
| Plaintiff-Counterdefendant-Respondent, | ) | Filed: July 14, 2015 |
| | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| PETROS G. ELIOPULOS, individually and Trustee of the MEGLON DOMESTIC NON-GRANTOR TRUST, a Nevada trust, and as assignee of the rights of PHOINIX ADVISORS, an Idaho limited liability company, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants-Counterclaimants-Appellants. | ) | |
| | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order granting summary judgment, <u>affirmed</u>.

Petros G. Eliopulos, Boise, pro se appellant.

Ellis Law Office; Allen B. Ellis, Boise, for respondent.

_____

GRATTON, Judge

Petros G. Eliopulos appeals from the district court's order granting summary judgment dismissing his counterclaims. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Because, as discussed below, Eliopulos's appellant's brief is nearly devoid of citation to the record and it is clear that the record filed with this Court does not contain evidentiary support for most of his factual assertions, we will here summarize what is claimed and the relevant procedural history of this case. In June 2012, George Panagiotou filed the instant complaint

1

against Eliopulos in his individual capacity and as trustee of the Meglon Domestic Non-Grantor Trust, a Nevada trust (Meglon Trust).[1] Panagiotou alleged claims for malicious prosecution, abuse of process, and slander of title stemming from a prior lawsuit brought by Eliopulos against Panagiotou in the Idaho courts in 2005 (prior Idaho suit). We note that the prior Idaho suit was of a similar ilk to the present case, as it also alleged causes of action including, inter alia, abuse of process, tortious interference, and litigation fraud stemming from a yet prior Massachusetts case brought by Panagiotou against Eliopulos and others. Eliopulos filed an answer and counterclaim against Panagiotou.

Panagiotou's complaint against Eliopulos was dismissed as a discovery sanction. Panagiotou subsequently filed a motion for partial summary judgment seeking dismissal of Eliopulos's counterclaim in its entirety. Following a hearing on the motion, the district court granted summary judgment dismissing Eliopulos's counterclaims. Eliopulos filed a motion for reconsideration, which was denied. Eliopulos timely appeals.

## II.

## ANALYSIS

Eliopulos argues that the district court erred in failing to implement sanctions prohibiting Panagiotou from opposing his counterclaim and in granting summary judgment.

### A. Failure to Implement Sanctions

As an initial matter, Eliopulos claims that Panagiotou should not have been allowed to file a motion for summary judgment on his counterclaim. Eliopulos claims that the district court abused its discretion in failing to implement a sanction which would have prohibited Panagiotou from defending against his counterclaim.

Sanctions serve the dual purpose of encouraging compliance with discovery and punishing misconduct. *Roe v. Doe*, 129 Idaho 663, 667, 931 P.2d 657, 661 (Ct. App. 1996). The choice of an appropriate sanction, or whether to impose a sanction at all, for a party's failure to comply with a discovery request or order is within the discretion of the trial court. *State v. Stradley*, 127 Idaho 203, 208, 899 P.2d 416, 421 (1994); *State v. Hawkins*, 131 Idaho 396, 405, 958 P.2d 22, 31 (Ct. App. 1998). To determine whether a sanction will be imposed and what it will be, the trial court must weigh the equities, balancing the culpability of the disobedient party

---

[1] The complaint was dismissed with regard to Meglon Trust for failure to serve Meglon Trust with the summons and complaint as required by Idaho Rule of Civil Procedure 4(a)(2).

with the resulting prejudice to the innocent party in light of the twin aims of the sanction power. *State v. Anderson*, 145 Idaho 99, 105, 175 P.3d 788, 794 (2008); *Roe*, 129 Idaho at 667, 931 P.2d at 661. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Throughout the litigation, Eliopulos filed multiple motions to compel discovery and for sanctions against Panagiotou. After the district court ordered Panagiotou to respond to Eliopulos's discovery request and Panagiotou did not comply with the order, Eliopulos sought sanctions against Panagiotou. Consequently, the district court imposed sanctions against Panagiotou that included requiring him to permit Eliopulos to inspect certain documents and precluding him from introducing or referencing at trial any documents that were requested but not provided.

When Panagiotou failed to make the documents available for inspection, the district court issued a second order of sanctions, requiring Panagiotou to pay $4,350 to Eliopulos as reasonable expenses for the delay and effort in compelling the production of the requested documents. After further obstreperous behavior by Panagiotou and upon motion by Eliopulos, the district court dismissed Panagiotou's complaint with prejudice as a third sanction. Accordingly, the only issues remaining were those contained in Eliopulos's counterclaim.

Eliopulos argues the district court erred by failing to implement sanctions against Panagiotou in accordance with its orders by allowing Panagiotou to oppose the counterclaim via a motion for summary judgment. In support of his argument, Eliopulos points to the following provision contained in the court's initial order imposing sanctions against Panagiotou:

> The Plaintiff shall permit the Defendant to inspect and/or copy the documents referenced in the Plaintiff's Notice of Compliance . . . . If these documents are not made available to the Defendant for inspection and/or copying on September 13, 2013 at 10 a.m., pursuant to Rule 37(b), the court will consider this failure as a contempt of court and may enter an order of contempt, *but the Court will dismiss the Plaintiff's Complaint and enter an order prohibiting the Plaintiff to oppose the counterclaim filed in this case*.

(emphasis added).

3

In its initial order imposing sanctions, the court was attempting to lay out the sanctions it would impose against Panagiotou in an effort to induce his compliance with the court's discovery orders, but it was not bound to implement them as stated. Ultimately, in its discretion and by successive orders, the court determined the following sanctions were appropriate: (1) limiting the evidentiary bases upon which Panagiotou could prosecute his complaint; (2) imposing monetary sanctions to be paid to Eliopulos; and (3) dismissing Panagiotou's complaint. While the district court subsequently dismissed Panagiotou's complaint after Eliopulos filed his third motion for sanctions, at no time did it actually impose its initial threat of prohibiting Panagiotou from defending Eliopulos's counterclaim. The district court did not abuse its discretion.[2]

### B.     Summary Judgment

We begin by addressing whether Eliopulos's contentions are waived as a result of failure to comply with Idaho Appellate Rule 35(a)(6). A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997); *see also* I.A.R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon."). The Court will not search the record for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). A party alleging error has the burden of showing it in the record. *Kootenai Cnty. v. Harriman-Sayler*, 154 Idaho 13, 17, 293 P.3d 637, 641 (2012). Pro se civil litigants are held to compliance with the same standards and rules as those represented by an attorney. *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005).

Eliopulos's appellate brief begins with a "Statement of The Facts." This section of the brief is seventeen pages long, refers to events as early as 1998, and at times, ostensibly quotes from certain documents. It contains not one citation to the record. Yet, even a cursory review of the record is sufficient to establish that the asserted "facts" are not based upon actual evidence in our appellate record. We will not consider it for any purpose.[3]

---

[2]     We determined to address the sanctions issue even though the argument, authority, and citation to the record were scant. We are not so inclined as to the remaining claims.

[3]     The second section of Eliopulos's appellate brief is entitled "Statement of The Case." This section basically lists certain pleadings and orders in the underlying matter with citation to

In regard to the grant of summary judgment, Eliopulos first argues that the district court erred in dismissing his "personal claims." In essence, he contends that he asserted personal claims based upon harm caused to him by virtue of conduct in the prior Idaho suit. More specifically that he also asserted individual claims in the prior Idaho suit, but voluntarily withdrew them due to misrepresentations occurring therein. In this four-page section of the brief there is only one citation to the record, a court order for sanctions. Although preliminarily Eliopulos sets forth general authority for summary judgment standards, there is no legal analysis as to the asserted personal claims. Eliopulos failed to comply with I.A.R. 35(a)(6), and thus, the claim of error is waived. Moreover, the argument appears to depend upon evidence of pleadings and proceedings in the prior Idaho suit, which do not appear to be in our appellate record. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell*, 130 Idaho at 127, 937 P.2d at 439. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*.

The final claim of error is the summary dismissal of claims relating to the "Bianco contract." In his counterclaim, Eliopulos alleged five causes of action for fraud, asserting that Panagiotou engaged in misconduct in the prior Idaho suit. The district court found that Meglon Trust, not Eliopulos, was the party in interest in the prior Idaho suit from which Eliopulos sought a remedy in his counterclaim. Therefore, the district court determined that "because he did not suffer the injury for which he [sought] a remedy," Eliopulos lacked standing to assert the causes of action in his counterclaim. Accordingly, the district court granted Panagiotou's motion for summary judgment, dismissing Eliopulos's counterclaim with prejudice.

This section of the appellant's brief is seven pages and contains seven citations to the record, four of which are to a single deposition and the other three to an email and two purported contracts. First, these documents are simply attached to a brief filed in the district court. Documents attached to a brief are not evidence. The documents are not authenticated in any way by proper attachment to an affidavit. Documents appended to a brief, not otherwise properly submitted as evidence in the record, will not be considered in support of the allegations. *See Woods v. Sanders*, 150 Idaho 53, 58, 244 P.3d 197, 202 (2010). Second, from what we can tell,

---

the record for a little more than half. Those without citation to the record are not contained in our record.

this reference relates to Eliopulos's contention of underlying fraud and has nothing to do with standing. In *Akers v. D.L. White Const., Inc.*, 156 Idaho 37, 49, 320 P.3d 428, 440 (2014), the Idaho Supreme Court affirmed the district court after noting that the appellants had offered "no meaningful citation to the record to support their contention" and while the appellants had directed the court to a "few lines" of testimony, the "testimony in no way advance[d]" the appellants' argument. Third, in the argument apparently directed at the standing question, upon which summary judgment was granted, there is no citation to the record at all. Eliopulos does reference certain "affidavits" and "pleadings and depositions," but without citation to specific places in the record or specific testimony which might be contained therein. In *Woods*, the Supreme Court declined to review the appellant's claim where the appellant failed to support her allegations "with actual citations to evidence contained in the record, instead relying on general references to her affidavit" and other pleadings. *Woods*, 150 Idaho at 58, 244 P.3d at 202. The Court determined that because it was not directed by citation to evidence in the record, I.A.R. 35(a)(6) was not satisfied. *Id.* In *City of Meridian v. Petra Inc.*, 154 Idaho 425, 451, 299 P.3d 232, 258 (2013), the Court noted that it "is not required to go fishing through the record" on behalf of the party. Fourth, Eliopulos argues he has standing to bring the claims against Panagiotou because "Meglon Trust assigned its rights in 'the Bianco contract' to [him] in his individual capacity in April 2012." However, Eliopulos has cited no evidence that he is the beneficial owner of any fraud claims which may have allegedly occurred in the prior Idaho suit. In fact, there is general reference to an affidavit, but a cursory review of our record reveals no actual "assignment" from which a court, if inclined to do so, could actually determine what was or was not assigned. The district court held that the party potentially harmed by any fraud ostensibly committed by Panagiotou was Meglon Trust, not Eliopulos. In the absence of an adequate record on appeal to support Eliopulos's claim that he was the beneficial owner of any such claims, we will not presume error. *See State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Accordingly, Eliopulos has failed to comply with I.A.R. 35(a)(6), and such failure to support his arguments with citation to the record is a waiver of his claims. Therefore, we affirm the district court's grant of summary judgment.

C.    **Attorney Fees on Appeal**

Panagiotou requests attorney fees on appeal pursuant to Idaho Code §§ 12-120(3), 12-121. Attorney fees may be awarded under I.C. § 12-120(3) in an action involving breach of

6

contract in a commercial transaction. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party, and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). In *Woods*, the Supreme Court awarded attorney fees under I.C. § 12-121, where the appellant's arguments and allegations did not contain sufficient citation to the record, nor cite to relevant legal authority in compliance with I.A.R. 35(a)(6). *Woods*, 150 Idaho at 61, 244 P.3d at 205. We will follow this precedent and award attorney fees to Panagiotou pursuant to I.C. § 12-121.

## III.

## CONCLUSION

Eliopulos has failed to demonstrate that the district court abused its discretion in implementing sanctions against Panagiotou. Eliopulos has also failed to demonstrate that the district court erred in granting summary judgment on his counterclaims. Accordingly, the district court's order granting summary judgment dismissing Eliopulos's counterclaims is affirmed. Costs and attorney fees are awarded to Panagiotou.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.