## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 42860

| | | |
|---|---|---|
| **FRANK WILLIAM HAUSLADEN, JR.,** | ) | 2015 Opinion No. 64 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 14, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **SHARI COLENE KNOCHE,** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JOHN H. SAHLIN, Judgment Creditor,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Jay P. Gaskill, District Judge. Hon. James D. Stow, Magistrate.

Order of the district court, on intermediate appeal, affirming the magistrate's order awarding parenting coordinator fees, affirmed.

Frank William Hausladen, Jr., Sandpoint, pro se appellant.

John H. Sahlin, Coeur d'Alene, pro se respondent.

_____

GRATTON, Judge

Frank William Hausladen, Jr., appeals from the district court's order affirming the magistrate's order requiring him to pay John H. Sahlin for parenting coordinator fees. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Hausladen and Shari Colene Knoche are parents of a minor child. Over a period of years, the magistrate modified their custody rights and child support obligations numerous times. In

1

2005, the magistrate appointed Sahlin as a parenting coordinator. The order appointing Sahlin did not grant him any powers. Sahlin attempted to resolve the parents' disagreements through telephone calls, letters, and two documents entitled "Order/Recommendation of Parenting Coordinator." The parents' disagreements focused on one parent's scheduling of activities with the child when the other parent had custody of the child, the summer 2005 custody schedule, and financial issues between the parents.

On a motion by Hausladen, the magistrate terminated Sahlin's appointment. Sahlin filed a motion seeking parenting coordinator fees. Hausladen objected, arguing Sahlin acted without authority. The magistrate granted Sahlin's motion and required Hausladen to pay Sahlin $667.50. Hausladen appealed to the district court, which affirmed the magistrate. Hausladen appealed to this Court, which reversed the district court's decision, holding a parenting coordinator's powers were limited to those granted in the magistrate's appointment order. *Hausladen v. Knoche*, Docket No. 34728 (Ct. App. Sept. 24, 2008) (unpublished). Sahlin petitioned for review by the Idaho Supreme Court, which granted the petition and vacated the district court's order affirming the magistrate. The Supreme Court held Idaho Code § 32-717D(3) and Idaho Rule of Civil Procedure 16(l)(1) (2014) (repealed 2015) grant parenting coordinators general powers independent from those in the magistrate's appointment order and remanded for a determination of whether Sahlin was entitled to payment for actions that fell within those general powers. Specifically, the Supreme Court identified the sole issue on remand to be "whether any of Sahlin's actions fell within the general grant of authority of I.C. § 32-717D(3) and I.R.C.P. 16(l)(1)." *Hausladen v. Knoche*, 149 Idaho 449, 453, 235 P.3d 399, 403 (2010).

On remand, the magistrate held all of Sahlin's actions fell within the general powers granted by I.C. § 32-717D(3) and I.R.C.P. 16(l)(1), and required Hausladen to pay Sahlin $667.50 plus statutory interest. Hausladen appealed to the district court, which dismissed the appeal. Hausladen appealed the dismissal to this Court. This Court held the district court improperly dismissed the case and remanded the case back to the district court. This Court also addressed the issues of standing and jurisdiction to provide guidance on remand. The district court on remand affirmed the magistrate's decision. Hausladen timely appeals.

**ANALYSIS**

Hausladen argues the magistrate did not have jurisdiction and Sahlin does not have standing. He also argues the Idaho Supreme Court's holding in this case violates the Idaho Constitution. Finally, he argues the magistrate erred in determining Sahlin's actions fell within the general powers granted by I.C. § 32-717D(3) and I.R.C.P. 16(l)(1). When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). Thus, the appellate courts do not review the decision of the magistrate. *Bailey*, 153 Idaho at 529, 284 P.3d at 973. Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

**A.     Jurisdiction and Standing**

Hausladen first argues that the magistrate did not have jurisdiction to hear a motion by Sahlin in a dispute originally between Hausladen and Knoche. He also asserts that actions by the magistrate on remand[1] "resulted in a loss of authority for the magistrate court and subsequent decisions are void for lack of jurisdiction." Hausladen also argues Sahlin does not have standing to seek parenting coordinator fees because he was not a parenting coordinator when he requested the fees. Finally, Hausladen asserts jurisdiction and standing issues resulting from Sahlin's original motion seeking fees. He asserts the motion was defective because it failed to cite legal authority, failed to request relief, and was a motion to show cause instead of a motion for fees. Because of these deficiencies, he asserts the magistrate lacked jurisdiction and Sahlin lacks standing.

---

[1]     Hausladen does not take issue with actions of the magistrate whose order he appeals from. Rather, Hausladen asserts a prior magistrate that voluntarily disqualified himself acted inappropriately. Because the prior magistrate voluntarily disqualified himself, this issue is moot.

The district court discussed Hausladen's jurisdiction and standing arguments, stating:

> The Idaho Court of Appeals determined that the magistrate had jurisdiction, and that Sahlin had standing, establishing the law of the case in this matter. This Court is guided by the law of the case doctrine.
>> The law of the case doctrine states that "upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal. . . ."
> Therefore, the issues of jurisdiction and standing are settled and will not be revisited by this Court on appeal.

(citations omitted).

Likewise, we refuse to depart from the law of the case and re-examine the magistrate's jurisdiction and Sahlin's standing. We determined the magistrate had jurisdiction and Sahlin has standing in Hausladen's last appeal. Although some of Hausladen's jurisdiction and standing theories in this appeal are different from the theories he asserted in his last appeal, these new theories do not actually pertain to jurisdiction or standing and do not affect the outcome of our prior determinations of these issues. Thus, the district court properly declined to address Hausladen's jurisdiction and standing claims.

**B.      Validity of the Idaho Supreme Court's Decision in This Case**

Hausladen argues the Idaho Supreme Court's opinion in this case and promulgation of Idaho Rule of Family Law Procedure 716 violate the Separation of Powers Clause of the Idaho Constitution.[2] He asserts the Court's opinion created new law instead of construing existing law

---

[2]      Hausladen makes several other arguments that we will address briefly. First, he asserts the Supreme Court's opinion in this case violates I.R.C.P. 16(l) because I.R.C.P. 16(l)(7)(D) never allows a parenting coordinator to make changes to a judgment, but the opinion allows a parenting coordinator to make changes to a judgment that are specifically authorized by the court. The Court's opinion is consistent with I.R.C.P. 16(l)(7)(D), which prevents parenting coordinators from modifying any order, judgment, or decree. The Court's opinion makes it clear that parenting coordinators may not make changes to a judgment, but that "the court will take reports by parenting coordinators into consideration in issuing judgments." *Hausladen v. Knoche*, 149 Idaho 449, 453, 235 P.3d 399, 403 (2010). Second, Hausladen argues the general parenting coordinator powers outlined by the Supreme Court in its opinion are so broad they set no limit on parenting coordinators. However, in its opinion, the Court limits general parenting coordinator powers to "collaborative dispute resolution in parenting[,] . . . empowering the parties in resuming parenting controls and decision-making, and minimizing the degree of conflict between the parties." *Id.* Further, the Court prohibits parenting coordinators from performing "judicial powers of decision-making." *Id.* Third, Hausladen asserts that I.R.C.P. 16(l) violates the Idaho Constitution because it delegates the magistrate's duties to

4

because the Court later replaced I.R.C.P. 16(l) with I.R.F.L.P. 716, which corresponds with the portions of the opinion. According to Hausladen, I.R.C.P. 16(l) "did not say what the Supreme Court wanted it to say," so the Court replaced I.R.C.P. 16(l) with I.R.F.L.P. 716 to bring the law in line with the Court's prior opinion in this case.

This argument is without merit. Hausladen specifically notes the similarity of I.R.F.L.P. 716(C) to the Court's opinion. Idaho Rule of Family Law Procedure 716(C) states:

> The order of appointment shall specify the authority and duties of the Parenting Coordinator. An order of appointment that fails to identify the Parenting Coordinator's authority and duties grants only those powers and duties identified in Idaho Code Section 32-717D(3).

The Court's opinion states:

> [W]hile we find that Sahlin acted without any specific authority in making recommendations and decisions regarding the parties' custody issues, we also find that I.C. § 32-717D(3) and I.R.C.P. 16(l)(1) grant a parenting coordinator a general authority to take actions that empower the parties to engage in effective parenting.

*Hausladen*, 149 Idaho at 453, 235 P.3d at 403.

Idaho Code § 32-717D(3)'s plain language grants parenting coordinators general powers independent from those in the magistrate's appointment order, including "collaborative dispute resolution in parenting[,] . . . empower[ing] the parties in resuming parenting controls and decision-making, and minimiz[ing] the degree of conflict between the parties." Idaho Rule of Family Law Procedure 716(C) and the Court's opinion merely limit a parenting coordinator's powers to those general powers in I.C. § 32-717D(3) when a magistrate's appointment order fails to grant specific powers. Thus, I.R.F.L.P. 716(C) and the Court's corresponding opinion merely construe the applicability of I.C. § 32-717D(3) in the absence of an appointment order granting specific powers and do not violate the Separation of Powers Clause of the Idaho Constitution. Further, the Supreme Court has inherent authority to repeal and formulate rules governing procedure in the state's courts. *State v. Castro*, 145 Idaho 173, 175, 177 P.3d 387, 389 (2008). The Idaho Legislature has recognized this authority. *See* I.C. §§ 1-212, 1-213. Thus, the

---

parenting coordinators by giving them the power to make "legally binding 'decisions' and 'recommendations.'" The Court specifically noted in its opinion that while I.R.C.P. 16(l)(1) "does state that the parenting coordinator 'will make decisions or recommendations as may be appropriate when the parties are unable to do so, . . . this language was not intended to give a parenting coordinator judicial powers of decision-making." *Id.*

Supreme Court does not violate the Separation of Powers Clause of the Idaho Constitution when it repeals or promulgates procedural rules, even if the new rules correspond with former opinions and the old rules do not. Accordingly, Hausladen's argument that the Court violated the Separation of Powers Clause of the Idaho Constitution through its opinion in this case and promulgation of I.R.F.L.P. 716 fails.[3]

Hausladen also argues this Court's 2008 decision should apply here. In the 2008 decision, we held that I.C. § 32-717D limits a parenting coordinator's powers to those granted in the magistrate's appointment order. Likewise, Hausladen asserts that the plain language of I.C. § 32-717D requires all of a parenting coordinator's powers to be set out in the magistrate's appointment order. Because the Supreme Court held that I.C. § 32-717D(3) grants parenting coordinators certain general powers, independent from those granted in the magistrate's appointment order, Hausladen asserts that the Supreme Court's opinion violates the plain language of the statute and this Court's 2008 decision should apply.

The district court addressed this argument, stating:

"The Supreme Court has stated that we are required to 'follow decisions of [the Supreme Court] when there is a conflict between [its] decisions on an issue of law and those of the Court of Appeals.'" This Court finds no authority which supports the Appellant's argument that the 2008 decision of the Court of Appeals is binding precedent on this Court.

(citations omitted).

We agree. Hausladen cites this Court's 2008 opinion for his argument that the plain language of I.C. § 32-717D limits a parenting coordinator's powers to those granted in the magistrate's appointment order. The Supreme Court held that I.C. § 32-717D(3) grants parenting coordinators certain general powers independent from those granted in the magistrate's appointment order. Like the district court, we are bound to follow the decisions of the Supreme Court when there is a conflict between its decisions and ours. *State v. Clontz*, 156 Idaho 787, 789, 331 P.3d 529, 531 (Ct. App. 2014). Because our 2008 decision clearly conflicts with the Supreme Court's decision in this case, we are bound to follow the Supreme Court's decision. Thus, we decline to follow our 2008 decision and the district court properly did the same.

---

[3] In addition, even assuming the Supreme Court's opinion in this case was somehow unconstitutional, this Court does not have jurisdiction to overturn the Supreme Court's opinion.

## C.    General Parenting Coordinator Powers

Hausladen claims that the magistrate erred in determining Sahlin's actions fell within the general parenting coordinator powers granted by I.C. § 32-717D(3) and I.R.C.P. 16(l)(1).[4] Hausladen asserts Sahlin exercised some of the powers described in I.R.C.P. 16(l)(5)(B)-(C). He argues that these powers can only be exercised pursuant to an order and not pursuant to the general powers described in I.C. § 32-717D(3). Because the order appointing Sahlin did not grant Sahlin any powers, Hausladen contends Sahlin acted without authorization under either I.R.C.P. 16(l)(5)(B)-(C) or the general powers granted by I.C. § 32-717D(3). Hausladen also argues that Sahlin deemed a judgment paid in full, an action he asserts is prohibited by I.R.C.P. 16(l)(7)(D); testified against Hausladen in a hearing, an action he claims is prohibited by I.R.C.P. 16(l)(7)(B); and did not explain to the parents the role of a parenting coordinator, an action required by I.R.C.P. 16(l)(7)(A).

We first address Hausladen's arguments. Hausladen's first argument fails because I.R.C.P. 16(l)(5)(B)-(C) is not the only source of authorization for the powers described therein. Idaho Rule of Civil Procedure 16(l)(5)(B)-(C) says the appointment "order *may* authorize" the powers described therein. (Emphasis added.) Because the rule does not say that the appointment order *must* authorize those powers, the powers may be authorized by some other source, such as the general parenting coordinator powers granted by I.C. § 32-717D(3), so long as they fit within the scope of those powers as outlined by the Supreme Court.

Further, although Sahlin did indicate that a judgment should be deemed paid in full in a document submitted to the court, this action did not modify any order, judgment, or decree, as I.R.C.P. 16(l)(7)(D) prohibits. The Supreme Court's opinion in this case makes it clear that parenting coordinators do not have the power to make changes to a judgment, but that "the court will take reports by parenting coordinators into consideration in issuing judgments." *Hausladen*, 149 Idaho at 453, 235 P.3d at 403. While the document Sahlin submitted to the court contained language which may have been misleading, it did not have any legal consequence without court

---

[4]    Hausladen also argues the magistrate's decision was "comprised of mistakes in law and fact." He asserts the magistrate's decision was not a matter of discretion, fails to analyze the burden of proof, does not cite the record, rewords Sahlin's arguments, incorrectly states Sahlin's termination date, and dismisses Hausladen's jurisdictional and procedural arguments. These alleged errors do not amount to reversible error because they are either incorrect or do not have legal significance.

adoption. Thus, Sahlin's actions did not modify any court order, judgment, or decree, as I.R.C.P. 16(l)(7)(D) prohibits.

Finally, Hausladen's citation to and provision of the record is insufficient for his claims that Sahlin impermissibly testified against Hausladen in a hearing and failed to explain the role of a parenting coordinator. Idaho Appellate Rule 35(a)(6) is not satisfied when a party fails to provide sufficient citation to the record. *Woods v. Sanders*, 150 Idaho 53, 58, 244 P.3d 197, 202 (2010). Further, it is the appellant's responsibility to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. Hausladen uses phrases such as "See case file for this case" and "As this record clearly shows" to support these arguments. He also repeatedly quotes and refers to a transcript that is not included in the record. Thus, because Hausladen failed to adequately provide a record and citations to the record for these arguments, we decline to review them.

We next review the record to determine whether substantial and competent evidence supports the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. The magistrate found (1) the parents' disagreements focused on one parent's scheduling of activities with the child when the other parent had custody of the child, the summer 2005 custody schedule, and financial issues between the parents; (2) Sahlin attempted to resolve the parents' disagreements through telephone calls, letters, and two "Order/Recommendation" documents; (3) Sahlin sought to identify disputed issues, reduce misunderstandings, and recommend scheduling when the parents were unable to do so; and (4) continued conflict between the parents and inability to agree precipitated Sahlin's decisions/recommendations.

The magistrate then concluded (1) Sahlin's manner and method of addressing issues was a reasonable way to reduce conflict between the parents that did not exceed the amount of direction required to serve the best interest of the child; (2) while Sahlin's use of the word "Order" in the title of two documents was potentially misleading, the use of the word "Recommendation" in the title tempered the use of the word "Order;" (3) Sahlin's opinion on the parent's financial issues was outside I.C. § 32-717D(3)'s grant of general parenting coordinator powers, but the parents invited this input; and (4) the rest of Sahlin's actions fell within the general parenting coordinator powers pursuant to I.C. § 32-717D(3).

We have reviewed the record and we hold that substantial and competent evidence supports the magistrate's findings of fact. Hausladen has failed to show otherwise. We further hold that the magistrate's conclusions of law follow from those findings. General parenting coordinator powers include "collaborative dispute resolution in parenting[,] . . . empowering the parties in resuming parenting controls and decision-making, and minimizing the degree of conflict between the parties." *Hausladen*, 149 Idaho at 453, 235 P.3d at 403. Further, parenting coordinators may generally "make decisions or recommendations as may be appropriate when the parties are unable to do so." *Id.* Finally, parenting coordinators may not "intervene in disputes that do not involve parenting" unless the parents request the coordinator's assistance in resolving such disputes. *Id.*

Sahlin's telephone calls, letters, and "Order/Recommendation" documents sought to encourage "collaborative dispute resolution in parenting[,] . . . empower the parties in resuming parenting controls and decision-making, and minimize the degree of conflict between the parties." I.C. § 32-717D(3).[5] While Sahlin's use of the word "Order" in the title of two documents was potentially misleading, we agree with the magistrate that the use of the word "Recommendation" in the title tempered the use of the word "Order." Further, Sahlin's decisions/recommendations were justified because the parents' continued conflict and inability to agree precipitated them. Finally, although Sahlin's statement regarding satisfaction of the judgment did not involve a parenting dispute, the magistrate found that the parents invited Sahlin's input in this matter which, as discussed above, amounted to no more than a singular recommendation. Hausladen has not shown that the magistrate's determination was erroneous. Because substantial and competent evidence supports the magistrate's findings of fact and the magistrate's conclusions of law follow from those findings, we affirm the district court's affirmance of the magistrate's decision as a matter of procedure.

### D. Sanctions

Sahlin seeks sanctions against Hausladen on appeal. A court may impose sanctions if a party's arguments are not warranted by existing law or do not in good faith seek the extension, modification, or reversal of existing law, but are interposed for an improper purpose, such as

---

[5]    Hausladen argues that Sahlin's billing statements, in part, lack sufficient description to determine if they relate to permitted general powers. However, he fails to cite to the record for this argument and otherwise fails to demonstrate from the record that the magistrate erred in finding that the underlying activities were permissible.

9

causing unnecessary delay, increasing the costs of litigation, or harassment. I.R.C.P 11 (a)(l); I.A.R. 11.2(a). Sahlin has failed to show that Hausladen's persistence amounts to harassment or unnecessary delay or unreasonably increases the costs of litigation. Thus, we decline to impose sanctions against Hausladen.

## III.

## CONCLUSION

The magistrate had jurisdiction and Sahlin has standing, the Supreme Court's holding in this case does not violate the Idaho Constitution and the magistrate did not err in determining Sahlin's actions fell within the general powers granted by I.C. § 32-717D(3) and I.R.C.P. 16(l)(1). The district court's order affirming the magistrate's order awarding parenting coordinator fees is affirmed. Costs on appeal are awarded to Sahlin.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.