925 P.2d 1121

**Naomi RATLIFF, Plaintiff–Appellant,**

v.

**Terry RATLIFF, Defendant–Respondent.**

No. 21932.

Supreme Court of Idaho,
Boise, April 1996 Term.

Oct. 25, 1996.

Crandall, Gilman, Wight & Pica, Boise, for appellant. Derek A. Pica argued.

Todd J. Wilcox, Boise, for respondent.

SILAK, Justice.

Naomi Ratliff (Naomi) appeals from a decision of the magistrate court ordering a change in the custody degree awarding primary custody of the parties' three minor children to Terry Ratliff (Terry).

## I.

### FACTS AND PROCEDURAL BACKGROUND

On August 18, 1992, Terry and Naomi stipulated to a partial judgment granting them a divorce on the grounds of irreconcilable differences. This partial judgment received an I.R.C.P. 54(b) certificate on May 3, 1993. In August of 1993, based upon a stipulation of the parties, the magistrate court awarded Terry and Naomi joint custody of their three minor children, with Naomi being the primary custodian and Terry receiving weekend and summer visitation rights.

On February 23, 1994, Terry moved for immediate custody of the children based upon Naomi's alleged repeated violations of the custody decree. The magistrate court granted immediate primary legal custody to Terry pending a hearing on the merits.

At the hearing, the only evidence presented was that of Dr. Craig Beaver. Prior to his testimony, Naomi's attorney at the time stated:

> Dr. Craig Beaver has facilitated a negotiated settlement of the problems that have existed—or that brought us here today. And we'd like Dr. Beaver to get on the stand to explain what his proposed solution is, what his rationale behind it is. And I think the parties are, in essence, agreed to it.
>
> The only thing that my client, Ms. Ratliff, is concerned about . . . is, frankly, the situation that this contemplates a change in custody, of the boys to Terry, in September, per Dr. Beaver's recommendation. She would like to have a meeting in August to determine that. But she understands that the Court is going to be, likely, following Dr. Beaver's recommendations as the Court did back in August when custody was, again, reestablished. And so it's her desire for the Court to hear Dr. Beaver and make an appropriate ruling—not an appropriate ruling, but the resolution based on his recommendations and testimony. . . . Other than that, I think we have the other items worked out.

Dr. Beaver testified that there had been "continued conflict" which was having "a negative impact on the three children." Dr. Beaver then made his recommendations which he hoped would, "perhaps, reduce the conflict that continues to negatively impact the children." He recommended that for the remainder of the school year the parties continue in their current custody arrangement, but once the children were out of school that the summer schedule be modified for visitation to occur in two week blocks. Additionally, he recommended that there be a reversal of the current stipulation, with Terry Ratliff having primary custody during the following school year.

The parties' attorneys agreed to jointly draft an order based on the transcript of the hearing. However, before the order was submitted for the judge's signature, Naomi's attorney submitted a motion to withdraw. It

is unclear whether or not the parties' attorneys jointly drafted the subsequent order of the magistrate judge. The order dated April 12, 1994, in accordance with Dr. Beaver's recommendations, returned custody of the children to Naomi for the remainder of the school year, changed the summer visitation schedule to two week blocks, and awarded primary custody to Terry at the conclusion of the school year.

Naomi's new attorney submitted a motion for reconsideration arguing that Terry had not met his burden of proof in establishing that a change in custody was in the best interests of the children. In its memorandum opinion dated May 27, 1994, the magistrate court stated:

I have reviewed the transcript of the proceedings of February 25, 1994 to determine whether the parties had in fact entered into stipulation which was the basis of the order entered on April 12, 1994. It was my understanding at that time, that the parties were stipulating that a change in custody should be ordered in accordance with Dr. Beaver's recommendation, but that Naomi wanted to have a review in August to see if that recommendation might change. I heard Dr. Beaver's recommendations and ordered that the change occur immediately without a review in August.

My review of the transcript does not change my understanding.

However, to "make the record free from doubt," the court then made findings of fact and conclusions of law stating that the unrebutted testimony of Dr. Beaver indicated a permanent and material change in circumstances warranting a change in custody.

Following the district court's affirmance of the magistrate's April 12, 1994 order and May 27, 1994 memorandum opinion, Naomi appealed to the Supreme Court. This Court temporarily remanded the case to the trial court for certification of the April 12, 1994 order, as provided in I.R.C.P. 54(b). The Rule 54(b) certificate was signed on September 25, 1996, and the case returned to this Court.

## II.

### ISSUES ON APPEAL

1. Did Terry prove a substantial and material change of circumstances which would establish his burden of proof that primary custody of the parties' minor children should be changed from Naomi to Terry?

2. Was there sufficient evidence to establish that it was in the parties' minor children's best interests to change primary custody from Naomi to Terry?

3. Did the trial court fail to look at all relevant factors pursuant to I.C. § 32–717 prior to modifying primary custody of the parties' minor children from Naomi to Terry?

4. Did the trial court err in failing to make findings of fact and conclusions of law pursuant to I.R.C.P. 52(a)?

## III.

### STANDARD OF REVIEW

 Questions regarding child custody are committed to the sound discretion of the trial court and absent an abuse of that discretion this Court will not disturb on appeal the trial court's judgment. *Osteraas v. Osteraas,* 124 Idaho 350, 352, 859 P.2d 948, 950 (1993). Furthermore, when the Court is asked to review the decision of a magistrate court following an intermediate appeal to the district court, this Court examines the record independently of, but with due regard for, the district court's appellate decision. *Phillips v. Consolidated Supply Co.,* 126 Idaho 973, 975, 895 P.2d 574, 576 (1995).

## IV.

### ANALYSIS

A. **The Idaho Supreme Court Has Jurisdiction To Hear This Case.**

 Under Idaho Appellate Rule 11(a)(3), this Court has jurisdiction to hear appeals of "[j]udgments made pursuant to a partial judgment certified by the trial court to be final as provided by Rule 54(b), I.R.C.P." I.R.C.P. 54(b) provides that

[w]hen more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment upon one or more but less than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment.

As previously noted, the magistrate court entered the Rule 54(b) certification. Therefore, pursuant to I.A.R. 11(a)(3), this Court has jurisdiction to consider this appeal.

### B. Naomi And Terry Ratliff Stipulated To A Modification Of the Custody Decree At The February 25, 1994 Hearing.

■ Naomi raises numerous challenges to the magistrate court's order modifying the custody decree. Her arguments focus upon whether or not there was sufficient and competent evidence to support the magistrate court's decision. However, these arguments ignore the fact that the magistrate court, at the time of the hearing and later after reviewing the transcript in response to Naomi's motion for reconsideration, believed that the parties had stipulated to a change in custody. We agree with the magistrate court's interpretation of the transcript as indicating that the parties stipulated to a change in custody.

A review of the hearing transcript shows that Naomi's attorney represented to the magistrate court that Dr. Beaver had "facilitated a negotiated settlement." He then expressed a desire for Dr. Beaver to take the stand and detail his recommendations which he thought "the parties [were], in essence, agreed to." He did express one reservation concerning Terry taking primary custody of the children at the conclusion of the summer and asked that that determination be made in August. Nonetheless, he acknowledged that the magistrate court would follow Dr. Beaver's recommendations as it had done earlier and expressed Naomi's "desire for the Court to hear Dr. Beaver and make an appropriate ruling—not an appropriate ruling, but the resolution based on his recommendations and testimony."

Moreover, during Naomi's cross-examination of Dr. Beaver, he was not questioned as to why a change in custody would be in the children's best interests. Rather, the questioning concerned whether it would not be a better idea to wait until August to inform the children that custody was going to be switched. In response, Dr. Beaver indicated that he recommended the children be immediately informed of the pending custody change. He believed that informing the children immediately would alleviate any distress the children might feel by not knowing where they would be living for the following school year and would aid in their transition from living with Naomi to living with Terry.

■ In accordance with Naomi's desire as expressed by her attorney at the hearing, the magistrate court entered an order based on Dr. Beaver's recommendations and testimony. The order followed each one of his recommendations. The order required the children to be returned to Naomi's care for the remainder of the school year, modified the summer visitation schedule to two week blocks, and reversed the custody arrangement to give Terry primary custody of the children during the following school year. Thus, the order reflected exactly what the parties without objection represented that they had agreed to, *i.e.* a resolution based on the recommendations and testimony of Dr. Beaver. As a result of this stipulation, Naomi has no basis to characterize the hearing as a contested matter and ignore the stipulation that was represented before the magistrate court. Parties who enter into stipulations are bound thereby. *Workman Family Partnership v. City of Twin Falls*, 104 Idaho 32, 35, 655 P.2d 926, 929 (1982).

Because we conclude that the parties stipulated to a change in custody, we do not consider Naomi's other arguments concerning the sufficiency of the evidence supporting the order. *See, e.g., Perry v. Schaumann*, 110 Idaho 596, 598, 716 P.2d 1368, 1370 (Ct. App.1986) (stating that stipulations are a form of judicial admission which obviate the necessity for proof of facts within the ambit of the stipulation).

## V.

### CONCLUSION

■ At the hearing on Terry's motion to modify the custody decree, Naomi represent-

ed that Dr. Beaver had facilitated a negotiated settlement and asked that the magistrate court enter an order resolving the custody issue based on Dr. Beaver's recommendations and testimony. In accordance with this stipulation, the magistrate court entered an order based on the recommendations of Dr. Beaver which was given without objection. Accordingly, Naomi is foreclosed from attacking the sufficiency of the evidence supporting that order. We affirm the magistrate's order modifying the custody degree so as to award primary custody of the parties' three minor children to Terry.

Costs on appeal to Respondent. No attorney fees on appeal.

JOHNSON, TROUT and SCHROEDER, JJ., concur.

McDEVITT, C.J., dissents without opinion.