**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42226**

| | | |
|---|---|---|
| **STANLEY PHILLIP SWEET,** | ) | **2015 Unpublished Opinion No. 606** |
| | ) | |
| **Plaintiff-Respondent-Cross** | ) | **Filed: September 2, 2015** |
| **Claimant-Appellant,** | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| **v.** | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| **REBECCA LEE VINEYARD** | ) | **OPINION AND SHALL NOT** |
| **FOREMAN,** | ) | **BE CITED AS AUTHORITY** |
| | ) | |
| **Defendant-Appellant-Cross** | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Jeff M. Brudie, District Judge. Hon. Justin W. Julian, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming order modifying child custody and support, <u>affirmed</u>.

Val Thornton, Sandpoint, for appellant.

Ruth J. Fullwiler, Coeur d'Alene, for respondent.

_____

MELANSON, Chief Judge

Stanley Phillip Sweet appeals from the district court's order on intermediate appeal, affirming the magistrate's order modifying child custody and support. Rebecca Lee Vineyard Foreman cross-appeals. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Sweet and Foreman are the parents of a minor child who was born in 2005. The parties were never married, but resided together from 2006 to 2008. A child custody and support order was entered in 2009. Over several years, Sweet and Foreman each filed a number of motions to

1

modify the child custody and support orders, some of which were granted. On June 22, 2011, Foreman filed a petition to modify child custody and support. A trial was held on June 7, 2012, and August 8, 2012, and the magistrate modified the prior child custody and support orders. Foreman filed a motion to reconsider and Sweet filed a motion for an award of attorney fees. Both motions were denied. Foreman appealed to the district court and Sweet cross-appealed. On appeal, the district court affirmed the magistrate. Sweet appeals and Foreman cross-appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Id*.

The standard of review on an appeal from a child support award is whether the court abused its discretion. *See Reid v. Reid*, 121 Idaho 15, 16, 822 P.2d 534, 535 (1992). A support award will not be disturbed on appeal absent a manifest abuse of discretion. *Ross v. Ross*, 103 Idaho 406, 409, 648 P.2d 1119, 1122 (1982). Decisions as to the custody, care, and education of the child are committed to the sound discretion of the trial court and will be upheld on appeal unless there is a clear showing of abuse of that discretion. *See Schneider v. Schneider*, 151 Idaho 415, 420, 258 P.3d 350, 355 (2011); *Ratliff v. Ratliff*, 129 Idaho 422, 424, 925 P.2d 1121, 1123 (1996). The party moving for modification of a child support order bears the burden of proving that a material, substantial, and permanent change has occurred. *Chislett v. Cox*, 102 Idaho 295, 298, 629 P.2d 691, 694 (1981).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the

2

issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). An abuse of discretion occurs when the evidence is insufficient to support a magistrate's conclusion that the interests and welfare of the child would be best served by a particular custody award or modification. *Nelson v. Nelson*, 144 Idaho 710, 713, 170 P.3d 375, 378 (2007).

## III.

## ANALYSIS

**A.      Child Support**

Sweet argues that the magistrate erred in its determination of his and Foreman's incomes. The magistrate found that Sweet's income was $30,000 and that Foreman's income was $50,000 for the purpose of determining child support obligations. Idaho has adopted the Idaho Child Support Guidelines, which "apply to determinations of child support obligations between parents in all judicial proceedings that address the issue of child support for children under the age of eighteen years or children pursuing high school education up to the age of nineteen years." I.R.C.P. 6(c)(6), Section 2.[1] The basic child support obligation shall be based upon the guideline income of both parents, according to the rates set out in the schedules set forth in the guidelines. I.R.C.P. 6(c)(6), Section 10(a). In determining both parents' incomes, the guidelines provide a basic definition of gross income:

> Gross income includes income from any source, and includes, but is not limited to, income from salaries, wages, commissions, bonuses, dividends, pensions, interest, trust income, annuities, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, alimony, maintenance, any veteran's benefits received, education grants, scholarships, other financial aid and disability and retirement payments to or on behalf of a child. . . .

I.R.C.P. 6(c)(6), Section 6(a)(1)(i). For those who are self-employed, the guidelines provide:

---

[1]      Effective July 2, 2015, the Idaho Supreme Court adopted the Idaho Family Law Rules, which include the Idaho Child Support Guidelines at I.F.L.R. 126. References in this decision are to the former I.R.C.P. 6.

For rents, royalties, or income derived from a trade or business (whether carried on as a sole proprietorship, partnership or closely held corporation), gross income is defined as gross receipts minus ordinary and necessary expenses required to carry on the trade or business or to earn rents and royalties. . . . In general, income and expenses from self-employment or operation of a business should be carefully reviewed to determine the level of gross income of the parent to satisfy a child support obligation. This amount may differ from a determination of business income for tax purposes.

I.R.C.P. 6(c)(6), Section 6(a)(2). The guidelines also provide:

(1)    Potential earned income. If a parent is voluntarily unemployed or underemployed, child support shall be based on gross potential income. . . . Determination of potential income shall be made according to any or all of the following methods, as appropriate:
  (A)    Determine employment potential and probable earnings level based on the parent's work history, occupational qualifications, and prevailing job opportunities and earnings levels in the community.
  (B)    Where a parent is a student, potential monthly income during the school term may be determined by considering student loans from any source.
(2)    Potential unearned income. If a parent has assets that do not currently produce income, or that have been voluntarily transferred or placed in a condition or situation to reduce earnings, the court may attribute reasonable monetary value of income to the assets so that an adequate award of child support is made.

I.R.C.P. 6(c)(6), Section 6(c). When a parent is voluntarily unemployed or underemployed, the guidelines do not give the trial court discretion not to impute potential income. *Reed v. Reed*, 157 Idaho 705, 716, 339 P.3d 1109, 1120 (2014). On the other hand, if a parent is not voluntarily unemployed or underemployed, the trial court is not given the option of basing child support on potential gross income. The threshold requirement for using potential gross income as a basis for child support is whether the parent is voluntarily unemployed or underemployed.

### 1.    Sweet's income

Sweet argues that the magistrate abused its discretion when it determined that his annual income for the purpose of calculating child support was $30,000. Sweet was not employed in the common sense of the word. Sweet was seasonally and self-employed as a farmer, rancher, logger, landlord, and salad dressing producer. Sweet's tax returns showed substantial losses and little income and, therefore, were of little evidentiary value to the magistrate. Evidence was presented at trial through Sweet's testimony that his income included an unknown amount from

4

farming and ranching; $500 per month from his salad dressing business, minus expenses which were not specified; $400 per month from a rented trailer used for residential purposes; and $1500 per month from his rented four-plex, minus $1200 in mortgage payments and between $300 and $500 in expenses. In addition, Sweet kept one of the units of the four-plex unrented for his own use.

At trial, Sweet proposed that the magistrate impute $25,000 per year as his gross income. Sweet explained that he arrived at that amount because it is what he could make "at a different job," rather than working on his farm. However, the magistrate held that, "taking into account Sweet's talents and experience in all his fields of employment, there is little doubt in the court's mind that he is capable of earning at least $2,500 per month gross income," which is $30,000 annually. The issue here is whether the magistrate erred in determining that Sweet's income for child support was $30,000 instead of the proposed amount of $25,000. When reviewing the magistrate's findings of fact, this Court will not set aside the findings on appeal unless they are clearly erroneous such that they are not based upon substantial and competent evidence. *Peterson v. Peterson*, 153 Idaho 318, 320-21, 281 P.3d 1096, 1098-99 (2012).

It does appear, as the magistrate found, that Sweet conceded that he was voluntarily underemployed. This concession is evidenced by Sweet's testimony that the magistrate should use a figure that represented what he could earn if he "wasn't on the farm," an amount Sweet proposed was $25,000. In addition, "[i]f a parent has assets that do not currently produce income, or that have been voluntarily transferred or placed in a condition or situation to reduce earnings, the court may attribute reasonable monetary value of income to the assets so that an adequate award of child support is made." I.R.C.P. 6(c)(6), Section 6(c)(2). In this case, Sweet kept one unit of his four-plex unrented for his personal use. The magistrate had discretion to attribute reasonable monetary value of income to the unrented unit. A reasonable value of $500 per month, or $6,000 annually--the same amount as the three rented units--can be properly attributed to the unrented unit.

Accordingly, the magistrate did not err in finding that Sweet was voluntarily underemployed or that Sweet's income was $30,000. Taking the $25,000 that Sweet proposed he could earn if he "wasn't on the farm" and considering all of Sweet's other sources of potential income, especially his unrented four-plex unit with an attributed annual income value of $6,000,

5

the magistrate's finding of fact that Sweet was capable of earning $30,000 annually was not clearly erroneous. Accordingly, Sweet has failed to show that the magistrate erred in using the $30,000 amount to determine child support obligations.

### 2. Foreman's income

Sweet argues that the magistrate erred in failing to find that Foreman was voluntarily underemployed and, therefore, failing to impute income to Foreman. The magistrate found that in 2009, 2010 and 2011 Foreman's income was $61,143, $55,600 and $96,035, respectively. The magistrate also found that those income amounts included income and bonuses from her military service, most importantly that the $96,035 from 2011 included a $45,000 stipend to be used for education expenses. The magistrate found that Foreman's military service had ended and that she would no longer be receiving any military income.

Accordingly, the magistrate found that Foreman's actual income at that time was $50,000 annually, received from her employment as a nurse, and used that amount in making the child support determination. Sweet provided no evidence to show that the magistrate's findings were erroneous. Sweet argues that Foreman was working part-time, while taking university classes, thus establishing that she was voluntarily underemployed. However, Sweet provided no evidence that the number of hours Foreman was working was unusual in Foreman's field of nursing. Nor did Sweet provide evidence that more than part-time work was available to Foreman. In other words, Sweet provided no evidence that Foreman was underemployed or that the alleged underemployment was voluntary. Accordingly, the magistrate did not err when it failed to find that Foreman was voluntarily underemployed and in using her actual income of $50,000 annually as the basis for the child support award.

## B. Custody

Foreman argues that the magistrate abused its discretion in fashioning a new custody order. Under the prior custody order, Sweet and Foreman had joint legal and physical custody of the child. Sweet had custody of the child during the week and Foreman had custody of the child every weekend except the first weekend of the month. Sweet was also awarded four "floating" weekends annually in which he had the option of retaining custody of the child during the weekend. The prior custody order also included an unworkable system of A and B weeks. Whether a given week was an A or B week was dependent upon Foreman's work schedule.

6

During A weeks, Foreman had custody from Thursday morning until Sunday evening. While during B weeks, Foreman had custody from Saturday morning until Sunday evening. The prior custody order was complicated and created much conflict as a result of Foreman's and Sweet's conflicting interpretations. There was disagreement between Sweet and Foreman regarding whether a given week was an A or B week and upon which weekends Sweet was allowed to use his floating weekends. Foreman sought a modification of the custody order granting her primary residential custody during the school year, with Sweet having custody on the weekends. The magistrate found that the prior custody order was unnecessarily complicated and modified the custody order, eliminating the A and B week schedule and floating weekends. Sweet retained physical custody of the child during the week and Foreman was given physical custody of the child every other weekend from Thursday evening until Sunday evening. Foreman contends that the magistrate abused its discretion when it reduced her overall custodial time and failed to consider all the factors of I.C. § 32-717.

The welfare and best interest of the child is of paramount importance when awarding custody. *Brownson v. Allen*, 134 Idaho 60, 63, 995 P.2d 830, 833 (2000). In this case, the magistrate explained that I.C. § 32-717 "sets forth the issues that the court--or the factors that guide the court's decision. I'm not going to read through each particular one." Idaho Code Section 32-717 provides:

> (1)   In an action for divorce the court may, before and after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children. The court shall consider all relevant factors which may include:
>> (a)   The wishes of the child's parent or parents as to his or her custody;
>> (b)   The wishes of the child as to his or her custodian;
>> (c)   The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;
>> (d)   The child's adjustment to his or her home, school, and community;
>> (e)   The character and circumstances of all individuals involved;
>> (f)   The need to promote continuity and stability in the life of the child; and
>> (g)   Domestic violence as defined in section 39-6303, Idaho Code, whether or not in the presence of the child.

Foreman argues that the magistrate abused its discretion in failing to address each of the factors outlined in the statute. However, I.C. § 32-717 directs the trial court to consider all relevant

7

factors and provides a nonexhaustive list of factors that the court *may* consider when making its determination as to best interests of children. *Gustaves v. Gustaves*, 138 Idaho 64, 69, 57 P.3d 775, 780 (2002).

In this case, it appears that the magistrate properly considered all relevant factors in making its custody determination. The magistrate recognized that the best interest of the child is of paramount importance and most of the magistrate's explanation revolved around that end. The magistrate also explained that the promotion of continuity and stability was a very important interest of the child. The magistrate found that the child had been attending school; was involved in extracurricular activities; and had a family support network in place, emphasizing the child's very close relationships with his grandmother and grandfather. All of these factors led the magistrate to conclude that it was in the child's best interest to remain with Sweet. Accordingly, the magistrate considered the proper factors and, therefore, did not abuse its discretion in making its custody determination.

Foreman also argues that the magistrate erred by finding she had relocated or sought to relocate. The magistrate did not find that Foreman had relocated or sought to relocate. Rather, the magistrate's discussion was based upon the effect that a change of custody, resulting in the *child's* relocation, would have upon the child. The magistrate considered whether the potential move would be in the best interest of the child. Therefore, Foreman has failed to show the magistrate erred.

## C.      Transportation Costs

Sweet argues that the magistrate erred in ordering him to pay half of Foreman's expenses associated with transporting the child pursuant to the custody order. The prior order required Sweet and Freeman to each travel approximately half way for custody exchanges. The new order required the parent who receives the child to drive the entire distance for the exchange. In addition, the new order required Sweet to reimburse Foreman for half of her travel mileage. Sweet argues that the magistrate abused its discretion in requiring Sweet to pay half of Foreman's driving expenses. Idaho Rule of Civil Procedure (6)(c)(6), Section 8(b), guides the magistrate's allocation of transportation costs, providing:

> The court may order an allocation of transportation costs and responsibilities between the parents after considering all relevant factors, which shall include:

(1) The financial resources of the child;

(2) The financial resources, needs and obligation of both parents which ordinarily shall not include a parent's community property interest in the financial resources or obligations of a spouse who is not a parent of the child, unless compelling reasons exist;

(3) The costs and difficulties to both parents in exercising custodial and visitation time;

(4) The reasons for the parent's relocation; and

(5) Other relevant factors.

There is nothing in this section that requires a magistrate to allocate transportation costs equally. In this case, the magistrate found it necessary to amend the custody order with regard to the location of exchanges as a result of Sweet's consistent failures to meet at the required time and place. The magistrate held that the amended order placed an additional burden on Foreman, although the parties were traveling equal distances. Accordingly, he required Sweet to compensate Foreman for the burden resulting from Sweet's behavior. Sweet has not provided any authority to support his argument that the magistrate was required to allocate transportation costs equally because both parties traveled an equal distance. Nor has Sweet provided any argument or authority to persuade this Court that the magistrate did not properly consider his behavior and award transportation costs to Foreman pursuant to subsections (3) or (5) of I.R.C.P. (6)(c)(6), Section 8. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, this Court will not address this issue on appeal.

**D.     Costs and Attorney Fees**

Sweet argues that the magistrate erred in denying his request for costs and attorney fees. In addition, Sweet and Foreman each request costs and attorney fees on appeal to this Court. In a civil case, an award of costs may be granted to the prevailing party. I.C. § 12-101; I.R.C.P. 54(d)(1)(A). An award of attorney fees may be granted under I.C. §§ 12-121 and I.A.R. 41 to the prevailing party. In this case, neither party is the prevailing party. Sweet requested costs pursuant to I.R.C.P. 54(d)(1), as well as attorney fees pursuant to I.C. §§ 12-121 and 12-123. The record discloses no abuse of discretion in the denial of Sweet's request for costs or attorney fees. Therefore, neither party is awarded costs or attorney fees on appeal.

**IV.**

**CONCLUSION**

The magistrate did not abuse its discretion in determining Sweet's and Foreman's incomes for making the child support determination or in modifying the custody order. In addition, Sweet has not shown that the magistrate erred in requiring him to pay half of Foreman's travel costs associated with custody exchanges. Finally, the magistrate did not err in denying Sweet's request for costs and attorney fees. Therefore, we affirm the district court's order on intermediate appeal, affirming the magistrate's order modifying child custody and support. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge Pro Tem WALTERS, **CONCUR**.