**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42686**

| | | |
|---|---|---|
| **MEAGAN L. GILLMORE nka GRAVES,** | ) | 2015 Unpublished Opinion No. 778 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed:  December 31, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **LIAM P. GILLMORE,** | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge; Hon. Terry McDaniels, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming order modifying child custody and support, <u>affirmed</u>.

Meagan L. Gillmore, Boise, pro se appellant.

Bradley B. Poole, Chtd.; Bradley B. Poole, Boise, for respondent.

_____

HUSKEY, Judge

This is an appeal from the district court sitting in its appellate capacity.  Meagan L. Gillmore, nka Graves, appeals from the district court decision affirming the magistrate's order modifying child custody and child support.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Meagan and Liam Gillmore were married in 2002, and their child, M.G., was born in 2004.  The parties divorced in 2009.  In March 2013 the parties filed cross-motions to modify the existing custody order, and a trial was held in January 2014.  The magistrate awarded Liam sole legal custody of M.G., and ordered that Meagan have visitation every other weekend.  The magistrate also modified the child support order, requiring Meagan to pay child support.  Meagan's petition for modification was denied because the magistrate determined that Meagan

1

did not present any evidence in support of her petition. Meagan filed a motion for a new trial and/or to amend the judgment, which was denied by the magistrate. Meagan appealed to the district court, and the district court affirmed the magistrate's decision. Meagan was represented by counsel at trial, but appeared pro se in both the district court appeal and the appeal before this Court.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Id*.

The standard of review on an appeal from a child support award is whether the court abused its discretion. *See Reid v. Reid*, 121 Idaho 15, 16, 822 P.2d 534, 535 (1992). A support award will not be disturbed on appeal absent a manifest abuse of discretion. *Ross v. Ross*, 103 Idaho 406, 409, 648 P.2d 1119, 1122 (1982). Decisions as to the custody, care, and education of the child are committed to the sound discretion of the trial court and will be upheld on appeal unless there is a clear showing of abuse of that discretion. *See Schneider v. Schneider*, 151 Idaho 415, 420, 258 P.3d 350, 355 (2011); *Ratliff v. Ratliff*, 129 Idaho 422, 424, 925 P.2d 1121, 1123 (1996). The party moving for modification of a child support order bears the burden of proving that a material, substantial, and permanent change has occurred. *Chislett v. Cox*, 102 Idaho 295, 298, 629 P.2d 691, 694 (1981).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it;

2

and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). An abuse of discretion occurs when the evidence is insufficient to support a magistrate's conclusion that the interests and welfare of the child would be best served by a particular custody award or modification. *Nelson v. Nelson*, 144 Idaho 710, 713, 170 P.3d 375, 378 (2007).

## III.

## ANALYSIS

We note that Meagan's arguments are essentially the same as those presented to the district court on appeal. She has not directly argued that the district court erred in affirming the magistrate, rather she continues to raise the same arguments that the magistrate erred in modifying the child custody and child support orders. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Id*. at 127, 937 P.2d at 439. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*.

### A.    Contempt Proceedings

In both the direct appeal and the appeal to this Court, Meagan argues that the magistrate committed error during the contempt proceedings. The district court found that Meagan did not timely file a notice of appeal for the August 28, 2013, contempt order, and these claims were not at issue on appeal. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Idaho Appellate Rule 11(a)(4) and Idaho Rule of Civil Procedure 83(a)(2) provide that an appeal may be taken from any order or judgment of contempt. However, such appeal must be filed within forty-two days of the entry of that order or judgment. I.R.C.P. 83(e). In this case, Meagan did not timely file a notice of appeal from the contempt order, and any arguments on appeal regarding the contempt proceedings are untimely and not properly before this Court. The record supports the district court's finding, and we will not address issues that were not before the district court on appeal.

### B.    Competency of Counsel

Again, in both appeals, Meagan argues that she was not properly represented by her trial counsel. The district court noted its concerns about Meagan's trial counsel when it stated:

3

Trial counsel made few objections, so the transcript shows evidence presented without objection which likely was subject to a proper objection. Additionally, very limited evidence was offered on behalf of the appellant which left the trial court with a record largely void of beneficial information concerning the appellant and considerable adverse hearsay evidence. Whatever trial tactic may have been involved, it left the magistrate with a one-sided set of facts. Whether there were facts favorable to the appellant is speculative on this record, and the Court cannot speculate that there were. Nor can it disregard evidence that came in without objection and imagine it out of the record. The magistrate had the parties before him and could judge their demeanor and credibility. There appeared to be a rub between the magistrate and counsel for the appellant, but nothing in the record indicated this precluded the presentation of favorable information on behalf of the appellant if such existed.

Despite these concerns, the district court determined that Meagan had not provided any legal authority to support her claim for relief in this type of proceeding and that the record did not offer a remedy to her claim. On appeal, Meagan raises the issue without legal authority and without argument as to how either the magistrate or district court erred. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062. We conclude that the district court properly identified the concerning conduct of Meagan's trial counsel, and the record supports that finding. This Court is constrained to review the record before the magistrate and we cannot substitute our opinion or speculate as to what the outcome of the modification proceeding would have been had trial counsel presented the case differently. Meagan has failed to show how the district court erred in addressing this issue.

**C.     Issues Arising Under the Idaho Rules of Family Law Procedure**

Meagan questions whether the Idaho Rules of Family Law Procedure and Idaho Rules of Civil Procedure were properly utilized by the magistrate. The IRFLP were in effect as of January 1, 2013, in the Fourth Judicial District and were applicable to the modification proceeding at issue. Meagan raises a number of issues that are covered by the IRFLP.

**1.     Parenting coordinator**

Meagan argues that the magistrate erred by failing to order the services of a parenting coordinator pursuant to IRLFP 716(a)(3). The district court found that she did not make a request for a parenting coordinator and therefore the issue would not be addressed for the first time on appeal. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062. The record supports the district court's decision.

### 2. Hearsay evidence

In a number of the issues presented on appeal, Meagan argues the magistrate improperly allowed Liam to admit hearsay evidence and the magistrate's findings were based on improper hearsay. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062. The record shows that Meagan's counsel did not make any objection to the admission of any of the testimony or evidence during Liam's case-in-chief. Meagan cannot now assign error when this objection was not preserved for appeal.

In addition, the record shows that the magistrate, in its decision on Meagan's motion for a new trial, addressed her claims that hearsay evidence was admitted. That order indicates that Meagan's counsel conceded the fact that he had not made any objections to hearsay evidence, and that the matter was being tried pursuant to the IRFLP that allows for the use of hearsay testimony in the absence of a specific request of a party that the Idaho Rules of Evidence control the proceeding. Idaho Rule of Family Law Procedure 102.B.2 specifically provides as follows:

> If no such notice is filed, all relevant evidence is admissible, provided, however, that the court shall exclude evidence if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or by considerations of undue delay, waste of time, needless presentation of cumulative evidence, lack of reliability or failure to adequately and timely disclose same. This admissibility standard shall replace rules 403, 602, 801-806, 901-903, and 1002-1005, Idaho Rules of Evidence, except as provided in Rule 102.B.3. All remaining provisions of the Idaho Rules of Evidence apply.

IRFLP 102.B.2.

A notice for compliance with the Idaho Rules of Evidence was not filed in this matter and therefore, IRFLP 102.B.2 was the controlling rule for the admission of evidence in this matter. The magistrate did not err in relying on hearsay testimony because Meagan did not offer any objection to such testimony, and the controlling IRFLP allows for the admission of hearsay testimony. The district court did not err in affirming the magistrate's child custody and support decision.

### 3. Discovery

Finally, in conjunction with her argument about her trial counsel, Meagan argues the magistrate erred because there were no discovery disclosures prior to trial, and she was unable to properly prepare a defense. The district court found that she failed to preserve this issue for appeal because she did not raise this issue before or during trial. Generally, issues not raised

below may not be considered for the first time on appeal. *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062.

On appeal, Meagan argues this was a contested matter and IRFLP 401 applies because this is a contested proceeding. We note that this rule provides that the parties shall make certain disclosures to the other party; however that rule also states these disclosures are not filed with the court. The magistrate would not be aware of the ongoing discovery unless it was brought to its attention that there were problems with the discovery process, and the record does not show that either party made a discovery motion during the modification proceeding. As such, this issue was not preserved for appeal.

In addition, Meagan argues the magistrate erred when it stated no interrogatories or requests for discovery were filed because interrogatories were filed on August 2, 2013. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell*, 130 Idaho at 127, 937 P.2d at 439. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. The appellate record does not contain a filing from August 2, 2013, and we will not consider this argument on appeal in the absence of a proper record. The district court did not err in affirming the decision of the magistrate.

**D.     The Magistrate's Factual Findings**

Meagan contests a number of the factual findings issued by the magistrate and argues there is a lack of reliable or substantial evidence to support the findings. We will not again address her claims that inadmissible or hearsay evidence was relied on to justify the findings of fact as that claim has been addressed above. However, we have reviewed the record and affirm the decision of the district court affirming the magistrate's child custody and support order for the following reasons.

Idaho Code § 32-717 provides a framework for the trial court in determining the best interests of the children in making a custody decision. *Brownson v. Allen*, 134 Idaho 60, 63, 995 P.2d 830, 833 (2000). That code section provides relevant factors that a court may consider when determining whether a particular custody arrangement is in the best interests of the child. Those factors include:

(a) The wishes of the child's parent or parents as to his or her custody;
(b) The wishes of the child as to his or her custodian;

(c) The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;

(d) The child's adjustment to his or her home, school, and community;

(e) The character and circumstances of all individuals involved;

(f) The need to promote continuity and stability in the life of the child; and

(g) Domestic violence as defined in section 39-6303, Idaho Code, whether or not in the presence of the child.

Idaho Code § 32-717(1).

Idaho Code § 32-717 provides a judge wide discretion regarding custody decisions, subject to some restrictions. *Nelson*, 144 Idaho at 714, 170 P.3d at 379. In Idaho, the best interests of the children are always the paramount concern. *Roberts v. Roberts*, 138 Idaho 401, 405, 64 P.3d 327, 331 (2003). Therefore, the Supreme Court explained in *Roberts*, "in any judicial determination regarding the custody of the children, including where they reside, the best interests of the child should be the standard and primary consideration." *Nelson*, 144 Idaho at 714-15, 170 P.3d at 379-80.

Meagan takes issue with the magistrate's factual findings regarding recommendations made by M.G.'s counselor, M.G.'s relationship with her father and stepmother, Meagan's driver's license status, Meagan's living situation, and the child support calculations.

First, Meagan argues that the magistrate erred in making findings of fact and conclusions of law based on recommendations made by M.G.'s counselor. However, Meagan did not raise this issue on appeal before the district court and the issue cannot be raised for the first time on appeal to this Court. *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062.

Meagan also challenges the magistrate's findings of fact regarding M.G.'s relationship with her father and her stepmother because these findings were based solely on the testimony of Liam and his wife. She argues the magistrate did not consider the testimony from prior hearings, including the contempt proceedings. The district court determined that the magistrate did not err in considering the testimony of Liam and his wife about their relationship with M.G. and this was a proper consideration under I.C. § 32-717. In addition, the district court determined the testimony at issue was not objected to at trial, nor was it contradicted by any testimony or evidence placed in the record by Meagan. The record supports the magistrate's findings of fact given the evidence and testimony that was admitted at the trial that was not objected to or contradicted by Meagan during the trial. The district court's decision affirming the magistrate's order is supported by the record.

7

Meagan next argues that the magistrate improperly relied on the fact that she did not have a driver's license in considering the best interests of M.G. The record shows that the magistrate made a single finding of fact that Meagan does not have a driver's license but chooses to drive with her daughter in the car in violation of Idaho law. The district court determined that this finding was one of the many considerations that the magistrate must take into account under the I.C. § 32-717 factors, and the trial testimony supported the finding. The record shows that Meagan testified that she chose not to renew her driver's license due to her significant anxiety about driving. She testified that she had alternative transportation plans available when M.G. needed to be transported somewhere while M.G. was in Meagan's care; however, Meagan also testified that she had driven M.G. without a driver's license, in violation of Idaho law, and apparently without regard to the anxiety that prevented her from driving on a regular basis. The record supports the magistrate's finding and consideration of this factor as a relevant factor in the custody determination.

Finally, Meagan asserts that the magistrate erred in considering and relying on the testimony about her current living situation. During trial, the court heard testimony that at times Meagan and her family had lived in a home without running water. The landlord described the home as "very, very, very messy" prior to evicting Meagan and her family. In addition, testimony established that Meagan's current living situation involved nine people and nine pets living in a three bedroom home. Meagan argues the home has five bedrooms and is a proper living situation but as noted by the district court, she could have properly addressed this issue with a photograph or other physical evidence that would have given the magistrate additional information about the living situation. The district court properly determined that it was within the magistrate's discretion to assess the credibility of Meagan's testimony about her living situation, especially in the absence of evidence to contradict the testimony in Liam's case-in-chief. The district court properly determined this was a relevant factor for the magistrate to consider pursuant to I.C. § 32-717.

In this case, the magistrate utilized the I.C. § 32-717 factors in determining what custody arrangement was in M.G.'s best interests based on the evidence and testimony admitted at trial. The district court's decision reviewing and affirming the order for custody and support modification is supported by the record.

8

**E.      Respondent Not Entitled to Attorney Fees on Appeal**

The respondent seeks attorney fees on appeal pursuant to Idaho Code § 12-121 and Idaho Rule of Civil Procedure 54 on the basis that this appeal was brought frivolously, unreasonably, or without foundation.  An award of attorney fees under I.C. § 12-121 and Idaho Appellate Rule 41 is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation.  *Lytle v. Lytle*, 158 Idaho 639, 642 P.3d 340, 343 (Ct. App. 2015).  However, attorney fees may not be awarded when "the losing party brought the appeal in good faith and where a genuine issue of law was presented." *Woods v. Sanders*, 150 Idaho 53, 61, 244 P.3d 197, 205 (2010) (quoting *Chisholm v. Twin Falls Cty.*, 139 Idaho 131, 136, 75 P.3d 185, 190 (2003)).  We do not have an abiding belief that Meagan brought this appeal frivolously or unreasonably.  The respondent's request for attorney fees is denied.

## IV.

## CONCLUSION

The magistrate did not abuse its discretion in granting Liam's petition for modification for both the custody order and the child support determination.  Therefore, we affirm the district court's order on intermediate appeal, affirming the magistrate's order modifying child custody and support.  We deny respondent's request for attorney fees on appeal.  Costs are awarded to respondent.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.